## GWATHMEY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 187.

Circuit Court of Appeals, Second Circuit.
April 1, 1935.

J. G. Korner, Jr., of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioner was a member of the partnership of Gwathmey & Co. in New York City until 1926; in 1926 and 1927 of the partnership of Haussman, Gwathmey & Co.; and after that of the partnership of E. A. Pierce & Co. All were stockbrokerage firms in New York City.

From 1915 to 1919 his then wife, Isabelle C. Gwathmey, had an active trading account with Gwathmey & Co. In 1919 petitioner and his wife separated, and she then employed an attorney who represented her in all legal matters. In December of that year she brought an action for an accounting against Gwathmey & Co. in the Supreme Court for the County of New York and obtained an interlocutory judgment to account. The defendants filed an account to which objections were filed by Mrs. Gwathmey, and the cause was sent to a referee, who heard the parties at length over a period of years but had made no report when the suit was settled by a compromise agreement on December 22, 1925. In the meantime, the petitioner having been advised by counsel that he was bound to reimburse the partnership for any recovery his wife might obtain in her suit for an accounting, on July 1, 1922 had executed a written agreement to do so and had deposited $100,000 for this purpose with Gwathmey & Co. It was placed to his credit on the books of the firm under the designation of suit account. In July, 1924, Mrs. Gwathmey brought suit against her husband for separation and in August of that year was awarded temporary alimony and counsel fees which the petitioner paid when due. That suit was pending on December 22, 1925. The compromise settlement of that date was made with reference to it and set forth in detail an agreement as to property, alimony, and counsel fees. This agreement provided in the parts now important that the petitioner should pay $175,000 to his wife in amounts and at times specified "in lieu of alimony and for the other considerations herein mentioned." She agreed to make no further demand upon him for alimony or support or for counsel fees "in any and all pending actions" and to renounce all rights in his property and estate. The agreement also contained this clause: "Simultaneously herewith is delivered to members of the firm of

Gwathmey and Company, a General Release embracing all matters in an accounting suit now pending between the party of the second part and the said members of the firm of Gwathmey and Company, and all other claims which she has against them of every kind and nature."

The payments which the petitioner thus agreed to make to his wife were made by Gwathmey & Co. to the amount of $31,100 in 1926 and $33,333.33 in 1927 and charged to the petitioner's firm account. In 1927 additional payments were made by E. A. Pierce & Co. to the amount of $66,666.66, and in 1928 to the amount of $33,333.67, and charged to the petitioner's account with that firm.

The petitioner kept his books and filed his returns on the cash receipts and disbursements basis. He claimed as a deduction for losses incurred in trade or business $31,000 in 1926, $66,666.67 in 1927, and $33,333.33 in 1928. Section 214 (a) (4) of the Revenue Act of 1926 (26 USCA § 955 (a) (4) and section 23 (e) (1) of the Revenue Act of 1928 (26 USCA § 2023 (e) (1). The deductions were all disallowed and the resulting deficiencies are the matters in issue.

The Board did not expressly find that these payments totaling $131,000 were not in part at least for alimony and allowances under the agreement in the suit for separation but held them not deductible in any event. Both parties, however, here treated them as payments solely in settlement of the suit against Gwathmey & Co. for an accounting, and we accept that as the fact. They have also treated the total as including $25,000 for the fees of Mrs. Gwathmey's attorney in that suit and $6,000 for the fee of the referee. We, accordingly, accept that as the method of arriving at the amount paid to settle the suit for an accounting.

The petitioner insists that as the firm of Gwathmey & Co. was engaged in business while it had Mrs. Gwathmey's account, the amount which was paid in settlement of her suit was a loss incurred in business; and that because he was bound to pay that for the partnership under his agreement of July 1, 1922, it became a deductible business loss to him when paid.

All that has been shown in regard to the merits of the suit for an accounting is that the plaintiff's claim if finally sustained would have entitled her to a judgment much in excess of the $131,000; that the defendants denied all liability; and that the settlement was made because the defendants desired to be rid of lengthy and expensive litigation regardless of the ultimate result of the suit if allowed to go to judgment. While it is true that such a settlement was not an admission of liability on the part of the defendants, neither is it evidence that the suit was groundless. The suit was only for the recovery of the balance due the plaintiff on her trading account. Payment of that would have been no loss to the partnership but merely a surrender of the money due a customer and unlawfully retained. In order to be entitled to the deductions claimed, the petitioner has the burden to show that they fall within the statute permitting deductions from income. Brown v. Helvering, 291 U. S. 193, 54 S. Ct. 356, 78 L. Ed. 725; Reinecke v. Spalding, 280 U. S. 227, 50 S. Ct. 96, 74 L. Ed. 385. So far as appears, the payment of the $131,000 to the plaintiff may have been less than the amount of her funds which the partnership had actually retained. If so, the settlement would have been no loss to the defendants even had the petitioner not agreed to make the payment himself in behalf of the partnership and performed his agreement. And this is so despite the fact that of the amount paid by the petitioner to settle both the suit for separation and the suit for an accounting there has been attributed to the accounting settlement $25,000 for the fees of the plaintiff's attorney and $6,000 for the fees of the referee. That was merely the method adopted for arriving at the entire sum paid in settlement of the suit. On what basis the parties figured to their agreement is now immaterial. And what was done with the money paid the plaintiff and for which the firm was released from all liability in the suit is equally immaterial. The cost of that release, however the amount was arrived at, was the total sum paid. This has not been shown to have been more than was due the plaintiff and so it has not been proved that the petitioner paid a loss Gwathmey & Co. sustained.

The remaining question is whether the payment was a loss to the petitioner. We are not advised as to what, if anything, he had done or failed to do to make him personally liable as between himself and his partners for all the firm owed Mrs. Gwathmey. The only reason suggested is that he had charge of her account, but ob-

viously that alone is not enough. If the firm was unlawfully retaining what belonged to her, each of the partners was being unjustly enriched to the extent of his interest in the partnership and would seem to have been liable to that extent. But we need not press that for what was the petitioner's interest in the firm and what was his partnership liability for its obligations was left unproved. Granting for present purposes that he was legally bound by his contract of July 1, 1922, to pay the entire debt, if any, and assuming that under this contract he incurred no new obligation but merely gave recognition to an existing one, he has failed to prove either that he did pay the entire debt or that he actually paid more in proportion to the amount owed Mrs. Gwathmey by the firm than his own proportionate interest in the firm. If he did not, he paid no more than his own share in the firm's assets had been increased by a failure to account fully to her. In that event he sustained no loss. If he paid less than that, he actually benefited by the settlement regardless of his special contract with his partners.

As the petitioner has left that vital matter in obscurity, his proof was properly held insufficient to sustain the burden to show that he was entitled to the deductions claimed.

Affirmed.